IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

HELPING HANDS HOME IMPROVEMENT,
LLC, as Assignee of ADVANCED LASER &
MANUFACTURING, INC., and ADVANCED
LASER & MANUFACTURING, INC.,

    Plaintiffs,

v.                                                                                                     No. 1:20-cv-01258-JDB-jay

OWNERS INSURANCE COMPANY,

    Defendant.

_____

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

On October 5, 2020, the Plaintiffs, Helping Hands Home Improvement, LLC ("Helping Hands"), as Assignee of Advanced Laser & Manufacturing, Inc., and Advanced Laser & Manufacturing, Inc. ("Advanced Laser"), brought a breach of contract action in the Circuit Court of Crockett County, Tennessee, against Defendant, Owners Insurance Company ("Owners"). (Docket Entry ("D.E.") 1-2.) The matter was removed to this Court on November 16, 2020, on diversity grounds. (D.E. 1.) Pending on the Court's docket is Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (D.E. 29.) As the motion has been fully briefed, it is ripe for disposition.

*JURISDICTION AND CHOICE OF LAW*

A federal court has an independent obligation to consider whether it has subject matter jurisdiction over a case pending before it and may do so *sua sponte*. *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018). As courts of limited jurisdiction, the federal courts have only "the authority to decide cases that the Constitution and Congress have

empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam). Title 28 U.S.C. § 1332 bestows the federal courts with original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). According to the complaint, Helping Hands is a Tennessee corporation with its principal place of business in Smyrna, Tennessee. Advanced Laser is also a Tennessee corporation. (*See* D.E. 1-2.) Owners is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Michigan. (*See* D.E. 1.) The complaint sought an amount not to exceed $1 million in compensatory damages. In "diversity cases, the general rule is that the amount claimed by . . . plaintiff[s] in [their] complaint determines the amount in controversy." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019) (quoting *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920-21 (6th Cir. 2000)). Accordingly, the Court has original jurisdiction over this action.

In diversity cases, a federal district court is to apply the substantive law of the forum state. *Hackney v. Lincoln Nat'l Fire Ins. Co.*, 657 F. App'x 563, 570 (6th Cir. 2016) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The parties do not dispute that Tennessee law governs this matter.

*STANDARD OF REVIEW*

Rule 56 provides in relevant part that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual issue is genuinely in dispute if a reasonable factfinder could resolve it either way." *Jordan v. Howard*, 987 F.3d 537, 542 (6th Cir. 2021), *reh'g en banc denied* (Mar. 8, 2021). "In determining whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-55 (1986)) (internal quotation marks omitted). "The moving party is entitled to summary judgment when the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 954 F.3d 852, 859 (6th Cir. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) (internal quotation marks omitted), *reh'g en banc denied* (July 1, 2020). "It is not the Court's role to research or construct legal or factual arguments on behalf of either party, nor is it appropriate to do so." *Grover v. BMW of N. Am., LLC*, Case No. 1:19-cv-12, 2022 WL 204925, at *15 (N.D. Ohio Jan. 24, 2022).

*UNDISPUTED MATERIAL FACTS*

Motions for summary judgment filed in this Court are governed by LR 56.1 of the local rules. The rule requires that such motions be "accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." LR 56.1(a). Defendant has appended to its motion a statement of material facts in accordance with the rule. (D.E. 29-14.) The rule further provides that the party opposing summary judgment "must respond to each fact set forth by the movant by either" "agreeing that the fact is undisputed," "agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only," or by "demonstrating that the fact is disputed." LR 56.1(b). These responses must be filed in the manner set forth in the rule. "Failure to respond to a moving party's statement of material facts . . . within [twenty-eight days after the motion is served] shall indicate that the asserted facts are not disputed for purposes of summary judgment." LR 56.1(d). As Plaintiffs have failed to

3

respond to Defendant's statement of material facts pursuant to the local rule, the following facts are undisputed for purposes of the instant motion.

Plaintiffs alleged in the complaint that Advanced Laser purchased an insurance policy from Owners (the "Policy") covering damage or loss relating to property located at 30 Sullivan Drive in Bells, Tennessee (the "Property"). Advanced Laser bought the Property, which contained a commercial building, from the City of Bells in 2016. J.D. Smith, Advanced Laser's owner, testified in an examination under oath that, in 2016, he was aware of at least one leak in the building's roof. In 2019, Advanced Laser replaced the roof over one portion of the forty-year-old structure to repair water intrusion issues. On March 5, 2020, Advanced Laser submitted a loss notice to Owners for "hail damage to roof, metal siding [and] interior leaking" occurring on April 19, 2019. (D.E. 29-7.) Helping Hands is the assignee of Advanced Laser's insurance claim and will ostensibly perform the repairs.

*ARGUMENTS OF THE PARTIES AND ANALYSIS*

In its motion, Defendant sets forth three reasons why summary judgment should be granted in its favor. However, as it is dispositive of the case, the Court need only address one. According to Owners, "Paragraph D(2) of the Commercial Property Conditions" portion of the Policy requires that "any legal action must be brought against Owners 'within 2 years after the date in which the direct physical loss or damage occurred.'" (D.E. 29-1 at PageID 173.) The quoted language is taken from the movant's memorandum, as the Policy itself does not appear to be in the record. In any event, Plaintiffs do not take issue with the accuracy of the Policy reference.

4

Under the Policy provision as stated, for the instant suit to be timely, the loss must have occurred between October 5, 2018, and October 5, 2020, the date the complaint was filed. It is the Defendant's position that Plaintiffs have failed to make such a showing.[1]

In their single-paragraph response to this argument, Plaintiffs assert that Exhibits B and C "dispose of this issue." (D.E. 47 at PageID 463.) The Court assumes Plaintiffs are referring to Exhibits B and C to their responsive brief—Owners' October 15, 2020, examination under oath of Smith and the report of their expert, Steve Prosser, respectively. As to the former, the Court notes that the examination transcript runs sixty-seven pages in length. Plaintiffs offer no indication as to what portion(s) of the document upon which they rely. As more than one court has recognized, "[i]t is not the Court's job to root through the record not unlike a pig in search of truffles to uncover any grain of evidence that might support the position of a party[.]" *Jordan v. Mathews Nissan, Inc.*, 539 F. Supp. 3d 848, 874 n.35 (M.D. Tenn. 2021) (citing cases) (internal quotation marks omitted); *see also Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1163 (6th Cir. 2021) ("judges are not like pigs, hunting for truffles that might be buried in the record").

In Prosser's report, which reflected an inspection date of May 1, 2020, he opined that the "majority" of the damage "confirm[ed] the hail strikes would have happened within the past year but not earlier than 2 years previous." (D.E. 47-3 at PageID 587.) Plaintiffs insist that this opinion was neither speculative nor conjectural, as Owners has suggested, and instead showed that "[t]he date of loss was set as a hail and wind event in April 2019" based on scientific data. (D.E. 47 at PageID 463.)

---

[1] In its reply brief, Owners proffered the expert report of Mark E. Buchanan, P.E., who opined that no hailstorm occurred during the Policy period. (D.E. 49-1 at PageID 645.)

Unfortunately for Plaintiffs, a mere ten days after they filed their response to the motion for summary judgment, United States Magistrate Judge Jon A. York pulled the rug from under their position by granting Defendant's motion in limine to exclude the very opinion upon which they rely. (D.E. 48.) In its evidentiary motion referred to Judge York for determination, Owners pointed to Prosser's deposition testimony, in which he admitted that he could not say with any scientific certainty whether the hail damage occurred one year, three years, or ten years prior to his inspection; he could not say when the building's HVAC units were hail damaged; Plaintiffs "spoon fed" him information while withholding other information; he did not know that the building had always leaked; if Owners had been given the opportunity to inspect right after the alleged storm it could have been scientifically determined whether hail damage occurred within the Policy period; and the weather data he relied on in preparing his report was provided to him by William Griffin, a contractor for one of the Plaintiffs, and he (Prosser) had no idea where the data came from or whether it was reliable. Plaintiffs filed no response to the motion. Judge York, citing the absence of a response and for good cause shown, excluded Prosser from making any reference at trial to an opinion that hail strikes occurred during the two-year period from 2018 to 2020. Plaintiffs did not appeal the ruling to the undersigned. Nor have they made any attempt since then to bolster their opposition to summary judgment.

Thus, as the only two bases upon which Plaintiffs have relied to establish the timeliness of their complaint are unpersuasive for the reasons outlined above, the Court finds that they have fallen short of demonstrating the existence of a material fact as to whether their suit was filed within the time period required under the Policy. The Defendant's motion is therefore GRANTED.

*CONCLUSION*

Accordingly, the Clerk is DIRECTED to enter judgment in favor of the Defendant. The Clerk is further DIRECTED to remove all settings in this matter from the Court's calendar and terminate all pending motions.

IT IS SO ORDERED this 16th day of February 2022.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
