# IN THE
# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **HELPING HANDS HOME IMPROVEMENT, LLC**, as assignee of **ADVANCED LASER & MANUFACTURING, INC.** and **ADVANCED LASER & MANUFACTURING, INC.**, <br><br>    **Plaintiffs,** <br><br> v. <br><br> **OWNERS INSURANCE COMPANY,** <br><br>    **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 1:20-cv-01258-JDB-jay <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER TAXING COSTS

### PROCEDURAL HISTORY

On February 16, 2022, Judgment was entered in favor of Defendant, Owners Insurance Company. On March 3, 2022, Defendant filed its Motion for Discretionary Costs and Bill of Costs, which filing included documentation for the requested costs, seeking reimbursement for expenses in the total amount of $3,182.45. A telephonic cost assessment hearing was held, as scheduled, on April 7, 2022, during which counsel for Plaintiff and Defendant appeared.

### STANDARD OF REVIEW

Fed. R. Civ. P. 54(d) creates a presumption that the cost of litigation will be awarded to the prevailing party unless the Court finds otherwise, and 28 U.S.C. § 1920 sets forth the scope of costs that are properly recoverable. Costs will be awarded to the prevailing party unless the non-prevailing party can present circumstances, conditions or factors to be considered that are sufficient to override or mitigate the extent of the award of costs. In the latter instance, it is the

1

losing party who carries the burden of negating the presumption that the winning party ought to recover costs.

The evaluation of the appropriate taxation of costs is therefore more than the mere mechanical application of the above rule and statute and ought to address, at a minimum, the following basic issues: (a) Whether the party submitting the Bill of Costs was, in fact, the prevailing party in the case; (b) Whether and to what extent the costs claimed by the prevailing party are proper under 28 U.S.C. § 1920; (c) Whether these costs are reasonable in amount and were reasonably incurred in prosecuting or defending the related action; (d) Whether the claimed costs were actually incurred; (e) Whether the claimed costs were adequately documented; and (f) Whether there are considerations, factors or circumstances that otherwise overcome the presumption to award costs to the prevailing party.

As to the issues presented in subsection (f) above, in order to overcome the presumption in favor of awarding costs to the prevailing party the following factors may be considered: (1) Whether the losing party prosecuted his/her case in good faith and with propriety; (2) Whether the case itself was close and difficult; (3) Whether the prevailing party had unnecessarily prolonged trial or injected unmeritorious issues; (4) Whether the taxable costs incurred by the prevailing party are unreasonably large; (5) Whether the prevailing party's recovery is so insignificant that the judgment amounts to a victory to the other party; and (6) Whether the losing party is indigent.

It would also be useful to point out considerations that are often presented but will not be given much, if any, weight in evaluating whether to award costs.  These considerations would include the following: (a) That the losing party's case raised important public policy issues that needed to be addressed and that there would be a chilling effect on future issues being raised if costs were imposed; (b) That because the losing party prosecuted or defended their side of the

matter in good faith they ought to be excused from paying costs; (c) That the losing party's financial status should exempt them from paying costs, either because they are indigent or because they are disproportionately less wealthy than the prevailing party; and (d) That costs should not be awarded to the prevailing party because their recovery was only nominal, because they only prevailed on a portion of their claims, or because the nature of their relief was non-monetary, such as the issuance of an injunction. These arguments will not significantly influence the awarding of costs, though they might reflect issues related to the likelihood of post-judgment collection. To the extent that these considerations are given any weight it would be only where the Court has some initial basis not to automatically award costs to the prevailing party.

## **ANALYSIS**

Defendant is the prevailing party in this case, having obtained judgment against Plaintiff on February 16, 2022. Defendant filed its Motion for Discretionary Costs and Bill of Costs on March 3, 2022, seeking reimbursement of $3,182.45 in costs for fees of the Clerk ($400.00), fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($2,626.45), and fees for the cost of making copies ($156.00).

Despite having filed no response to Defendant's motion, as required by Local Rule 7.2, during the cost taxation hearing Plaintiff objected to Defendant's request for reimbursement of $734.00 in costs associated with the transcript of J.D. Smith, owner of insured Advanced Laser & Manufacturing, Inc.'s, examination under oath, arguing that the examination under oath of Mr. Smith was taken pursuant to the subject insurance policy and, further, that fees related to transcripts for examinations under oath fall outside the scope of 28 U.S.C. §1920.

While Plaintiff's objection could be stricken on procedural grounds as being untimely, the Clerk rejects Plaintiff's objection on substantive grounds. In this regard, 28 U.S.C. §1920 allows

3

for, among other expenses, the taxing of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. §1920(1).  There is nothing within the plain language of the statute, nor has any case law been presented by Plaintiff, to suggest that Congress intended the term "transcripts" to be so narrowly defined as to refer only to *deposition* transcripts.  Further, there is nothing within the plain language of the statute, nor, again, has Plaintiff provided any case law in support of its position, to indicate that the simple fact that the examination under oath was required under the subject insurance policy somehow places it outside the scope of 28 U.S.C. §1920.  Indeed, the only threshold inquiry required by §1920(1) is whether the transcript was "necessarily obtained for use in the case[,]" and not only has Plaintiff presented no evidence to suggest that such examination under oath was obtained *solely* for purposes of complying with the insurance policy, but it stretches credulity to imagine a circumstance where the sworn statement of the insured would be considered anything but necessary in a breach of contract case brought against an insurer.

The Clerk finds that the transcript fees associated with the examination under oath of J.D. Smith fall within the scope of taxable costs under 28 U.S.C. §1920 and, further, that such transcript was necessarily obtained for use by Defendant in its defense of this cause of action.

Defendant has met the threshold requirement of being awarded costs as the prevailing party in this action.  The cost bill was timely submitted, contained the required documentation and was validated by counsel's declaration.  Defendant has completed all procedural and documentary requirements for submission of its cost bill.  Furthermore, Defendant's Bill of Costs satisfied the above-listed criteria under 28 U.S.C. § 1920.  For these reasons, costs should be awarded in favor of Defendant in the amount of $3,182.45.

**DECISION**

It is the Order of the Clerk of Court that costs be awarded against Plaintiff, Helping Hands Home Improvement, LLC, as Assignee of Advanced Laser & Manufacturing, Inc., and Advanced Laser & Manufacturing, Inc., and in favor of Defendant, Owners Insurance Company, in the amount of $3,182.45.

**NOTICE OF RIGHT TO HAVE DECISION REVIEWED**

Pursuant to Fed. R. Civ. P. Rule 54(d), the taxation of costs by the Clerk of Court may be reviewed by the Court upon motion to the Court served within 5 days of the docketing of this Order.

Dated: April 28, 2022.

**s/ Thomas M. Gould**
**Thomas M. Gould, Clerk of Court**